**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHARLES SCOTT, )<br>)<br>Plaintiff, )<br>vs. )   2:06-cv-106-RLY-WGH<br>)<br>FREDERICK COHN, )<br>)<br>Defendant. ) | |

### Order Transferring Action to the Northern District of Illinois

The plaintiff has commenced an action against the attorney who represented the plaintiff at various points in a criminal action in the Northern District of Illinois in a proceeding docketed there as No. 99-CR-0086-JTM-2. The plaintiff seeks compensatory and punitive damages. He alleges that he is a citizen of the State of Indiana and at least implies that the defendant is a citizen of the State of Illinois. He claims that this court has subject matter jurisdiction over his claims by virtue of its diversity jurisdiction, conferred by 28 U.S.C. § 1332(a)(1), and through the existence of a federal question, as to which it would have jurisdiction pursuant to 28 U.S.C. § 1331. The plaintiff has neither paid the $350.00 filing fee nor has he requested leave to proceed *in forma pauperis*.

The supposed claim pursuant to § 1331 is a non-starter, because the defendant did not act under color of federal law in representing the plaintiff.

Under 28 U.S.C. § 1391(a), venue will lie in a diversity action "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the acts or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." 28 U.S.C. § 1406(a).

Here, the acts the plaintiff alleges in support of his claim took place in the Northern District of Indiana as to the proceedings in the trial court and in the Northern District of Illinois as to the proceedings on appeal, which are also part of the claim that the defendant's representation of the plaintiff was inadequate. The complaint describes the defendant's law office as being located in Chicago, which is located in the Northern District of Illinois. Under these circumstances, the proper venue for plaintiff's action is the Northern District of Illinois.

Accordingly, the above action is now **TRANSFERRED** to the United States District Court for the Northern District of Illinois at Chicago, Illinois.

**IT IS SO ORDERED.**

Date:  05/31/2006

                                                                                              _____
                                                                                              RICHARD L. YOUNG, JUDGE
Distribution:                                                                      United States District Court
                                                                                              Southern District of Indiana

Charles Scott
Reg. No. 05917-028
United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801